IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00894-BNB

LEILA MCCOY et al. [sic], also known as
LEILA MARIE MCCOY

    Plaintiff,

v.

COLORADO SPRINGS POLICE DEPT., and
OFC. SCOTT RICHARDSON,

    Defendants.

## ORDER OF DISMISSAL

Plaintiff, Leila McCoy, also known as Leila Marie McCoy, resides in Colorado Springs, Colorado. She submitted *pro se* a Complaint (ECF No. 1) for money damages and a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 3).

On April 9, 2014, Magistrate Judge Boyd N. Boland entered an order (ECF No. 4) granting the § 1915 motion and directing Plaintiff to file an amended Complaint. Ms. McCoy asserted jurisdiction as follows: "8th amendment of the US Constitution Section 1983; Americans w/Disabilities Act[;] Violence Against Women Act; HUD federal regulations."

Plaintiff alleged that she is blind and mobility impaired and asked the Court to accept the Complaint she filed as is as a reasonable accommodation, apparently under the Americans with Disabilities Act (ADA). *See* ECF No. 1 at 5. The ADA's applicability to this Complaint was not otherwise apparent, despite Plaintiff's reference to the ADA as

a basis for jurisdiction.  Ms. McCoy was informed that Title II of the ADA is not applicable to the federal government.  *Cellular Phone Taskforce V. F.C.C.*, 217 F.3d 72, 73 (2d Cir. 2000); *see also* 42 U.S.C. § 12131(1) ("The term 'public entity' means . . . any State or local government" or "any department, agency, special purpose district, or other instrumentality" thereof).   This Court was not obligated to accept the Complaint as submitted.

In the Complaint Ms. McCoy filed, Plaintiff asserted three claims making various allegations concerning physical and verbal abuse, the death of her unborn child, and the removal of her children from her home.  But for one brief reference to "Richardson," ECF No. 1 at 4, she failed to make clear against which Defendant her claims were asserted.  She attached to the Complaint a statement she failed to incorporate into her claims.  *See* ECF No. 1 at 6-7.

In the April 9 order for an amended Complaint, Magistrate Judge Boland informed Ms. McCoy that she may not sue the Colorado Springs Police Department because the police department is not a separate entity from Colorado Springs and, therefore, is not a person under 42 U.S.C. § 1983.  *See Stump v. Gates*, 777 F. Supp. 808, 814-16 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. 1993).  He further informed Plaintiff that any claims asserted against the police department must be considered as asserted against Colorado Springs.

In addition, Magistrate Judge Boland pointed out that municipalities and municipal entities are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff.  *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993).  To

establish liability, a plaintiff must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989).  He warned Ms. McCoy that she cannot state a claim for relief against Colorado Springs under § 1983 merely by pointing to isolated incidents. *See Monell*, 436 U.S. at 694.

Magistrate Judge Boland directed that the amended Complaint comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate Rule 8.

Magistrate Judge Boland noted that Ms. McCoy failed to assert clear and concise claims, relying instead upon various allegations, some of which were chronological,

some of which were vague and conclusory, and some of which were not linked to the alleged violations she referenced in the left margin beside her claims. *See* ECF No. 1 at 4. He explained Ms. McCoy's responsibility to present her claim or claims in a manageable and readable format that allowed the Court and Defendants to know what claims are being asserted and to be able to respond to those claims. Ms. McCoy must allege, simply and concisely, her specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each Defendant that allegedly violated her rights. The Court does not require a long, chronological recitation of facts. Nor should the Court or Defendants be required to sift through Ms. McCoy's allegations to locate the heart of each claim.

The April 9 order noted that a decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). Ms. McCoy was given an opportunity to cure the deficiencies in her Complaint by submitting an amended Complaint that sued the proper parties, asserted claims clearly and concisely in compliance with Fed. R. Civ. P. 8, alleged specific facts demonstrating the personal participation of each named Defendant in the asserted constitutional violations, and provided the address for each named Defendant. Ms. McCoy was warned that, even if the Court dismissed the instant action without prejudice for failure to comply with the April 9 order, the dismissal may act as a dismissal with prejudice if Ms. McCoy sought to refile in this Court because the two-year statute of limitation may have run on her § 1983 claims.

Ms. McCoy has failed to respond to the April 9 order within the time allowed or

otherwise communicate with the Court in any way.  Therefore, the Complaint and the action will be dismissed.

Finally, the Court certifies pursuant to § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Ms. McCoy files a notice of appeal she also must pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the Complaint (ECF No. 1) and the action are dismissed without prejudice pursuant to Rules 8 and 41(b) of the Federal Rules of Civil Procedure for the failure of Plaintiff, Leila Marie McCoy, within the time allowed to file an amended Complaint as directed in the order of April 9, 2014 (ECF No. 4), and for her failure to prosecute.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.  It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this  30th  day of     May                , 2014.

BY THE COURT:

  s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge  
United States District Court